*J. P. Cook*, for defendant.

———•◦•———

### FULWIDER *v.* PETERKIN.

The statute authorizes a proceeding against an executor or administrator for a conveyance in pursuance of a contract with the deceased.

In a proceeding against an estate for a specific performance, it is not necessary to make the heirs a party to the conveyance.

*In Equity. Appeal from Cedar District Court.*

*Opinion by* KINNEY, J. The bill filed in this case, shows that the appellants purchased of David Peterkin in his lifetime, (now deceased,) on the 28th of April, 1843, the south half of section ten in township seventy nine, north of range two west, in the county of Cedar, containing three hundred and twenty acres, and that the said Freeman & Fulwider executed of that date, their joint notes to said Peterkin, payable in January, 1844, 1845 and 1846, amounting in all to the sum of six hundred dollars, and took a title bond for a deed for said land, to be made upon the payment of said notes. David Peterkin died without having made a deed, and before the complainants were entitled to one, Alexander Peterkin was made administrator, who on the 31st day of September, 1847, obtained a judgment on these notes for $649,12. The bill charges, that it is not in the power of the administrator to make a good and sufficient deed to complainants, as there was

no provision in the contract by which the heirs were bound to make a deed in the event of death. That the consideration of the notes on which judgment was obtained was the contract for the land, which complainants charge was not complied with by said David in his life time, and cannot now be enforced. That the said defendant having obtained the judgment, was about to sue out execution and collect the same. The bill prays for a cancellation of the contract, and a perpetual injunction against the defendant from the collection of said judgment.

The sworn answer of the defendant, admits the making of the contract for the consideration stated in the bill, the death of David Peterkin, the administration of defendant, and the recovery of the judgment. Answer alleges a readiness on the part of the administrator, to carry out and perfect the contract so far as he has power, and prays the court to empower him to convey the land described in the contract, when payment shall have been made. That as complainants have not made payment, they are not entitled to a conveyance. The names of the heirs of said David with their residence are disclosed in the answer, and an allegation, that the complainants have been since the making of the contract, and still were in possession of the land, and the answer concludes with a prayer for the dissolution of the injunction, and that the court may order and decree what shall be right and equitable in the premises.

Exceptions to the answer were filed, which were overruled by the court, and the cause was submitted and decided upon bill and answer, whereupon the court decreed a dissolution of the injunction, and that the respondent be at liberty to proceed in the collection of said judgment. And it was further decreed, that said judgment being first satisfied, that the respondent make and execute to the complainants a deed of conveyance, conveying to them in fee simple, the land described in the contract.

We think the court decreed correctly.

The statute provides, that when any person who is bound

by a contract in writing, to convey any real estate, shall die before making the conveyance, the other party may have a bill in equity to enforce a specific performance of the contract, by the heirs, devisees or executors or administrators of such deceased person, and that the court shall hear and determine such case according to the course of proceedings in chancery, and shall make such decree thereon as equity and justice shall require.

This statute contemplates and clearly gives the right to proceed against either executor or administrator, for a conveyance in pursuance of the contract of the deceased. The administrator standing in the place of the deceased person, there is an obvious propriety in making him *the party* in a proceeding to enforce the performance of a contract made by deceased in his life time, the obligations of which rest upon the administrator as his representative. But the statute has settled this matter in such explicit language, that there cannot be room for reasonable doubt. The 29 §, p. 703, provides that "if it shall appear, that the plaintiff is entitled to a conveyance, the court may authorize or require the executor or administrator of the deceased party, to convey the estate in like manner as the deceased person might and ought to have done if living, and if his heirs or devisees or any of them are within the terriory [state] and competent to act, the court may require them, or either of them instead of the executor or administrator to convey the estate in the manner before mentioned, or may require them, or either of them to join in such conveyance in the manner before mentioned." And the 30 § provides, that every conveyance made in pursuance of such decree, shall be effectual to pass the estate contracted for as fully as if when made by the contracting party himself. It is not necessary, in a proceeding under this statute for a specific performance, that the heirs should join in the conveyance in order to pass a good title. The court can decree the administrator or executor to convey without the heirs, and the conveyance made in pursuance

of such decree, will be as effectual to pass an estate in fee, as if made by the party in his life time. True, the court may require the heirs or devisees, or either of them if living in the state to join in such conveyance, providing they are competent to do so; but this is entirely within the discretion of the court. In this case, as all of the heirs except the administrator, according to the answer reside in England and Scotland, the court could not compel them to unite in the conveyance.

The complainants having the right by virtue of the statute, to enforce a specific performance against the administrator, and thereby obtain a decree against him, and by such decree, or a conveyance made in pursuance of it, obtain a perfect title. The ground upon which they pray for a cancellation of the contract, and a perpetual injunction against the collection of the judgment is entirely removed. But by the decree, they are not obliged to resort to their remedy for specific performance, as the court have decreed a conveyance upon payment of the judgment aforesaid. In this we think complete justice has been done to the parties, and the decree is therefore affirmed.

Decree affirmed.

*S. Whicher* and *S. A. Bissell*, for plaintiffs in error.

*W. G. Woodward*, for defendant.